PER CURIAM.
Plaintiff Paul Hepler appeals from a Tax Court decision which dismissed his complaint at the conclusion of a trial. Plaintiff’s *57 complaint sought to establish that he was entitled to an exemption under the Sales and Use Tax Act, N.J.S.A. 54:32B-1 to -29, for the price ($65,000) that he paid for a boat, the Venture III, purchased in Texas but brought to New Jersey and used exclusively in this State. Defendant imposed a use tax of $3,900. Plaintiff was also required to pay interest and penalties. After paying the final determination of $7,965.10, plaintiff filed a complaint seeking a declaration that: (a) his use of the Venture III qualified for the statutory exemption; (b) the imposition of a tax was invalid as it violated the Equal Protection Clause of the Federal and State Constitutions; and (c) that he was entitled to an award of counsel fees pursuant to 42 U.S.C.A. §§ 1983, 1988.
The Tax Court judge, on defendant’s motion for summary judgment, concluded that the statute did not violate the Equal Protection Clause of either the Federal or State Constitutions and that plaintiff was not entitled to attorney’s fees. The judge, however, determined that plaintiff was entitled to a plenary hearing to prove that plaintiffs use of the Venture III was as a commercial sport fishing (head) boat, entitling plaintiff to a statutory exemption.
At the conclusion of the trial, the judge issued a written opinion concluding that “plaintiffs vessel is primarily used as a charter boat and not as a party boat (head boat), and its purchase is not exempt from use tax.” We agree and affirm for the reasons expressed by Judge Rimm in his opinion of October 17, 1995, reported at 15 N.J.Tax 261 (Tax 1995).
Affirmed.